UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


KENDRICK D. HALL (#412878)

VERSUS                                             CIVIL ACTION

SGT. F. ARMOND                                     NUMBER 12-677-SDD-SCR

## NOTICE

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, April 22, 2014.

                                                */s/ Stephen C. Riedlinger*
                                          STEPHEN C. RIEDLINGER
                                          UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KENDRICK D. HALL (#412878)

VERSUS                                                          CIVIL ACTION

SGT. F. ARMOND                                                  NUMBER 12-677-SDD-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court are the defendant's Motion for Summary Judgment and the defendant's Supplemental Partial Motion for Summary Judgment. Record document numbers 26 and 34, respectively. The Motion for Summary Judgment is opposed.[1]

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Sgt. Forest Armond. Plaintiff alleged that the defendant failed to protect him from an attack by another inmate, thereby violating the plaintiffs's constitutional rights.

Defendant moved for summary judgment relying on a Statement of Undisputed Facts, his affidavit, the affidavits of Dr. Jason Collins and Connie McCann, a copy of the plaintiff's enemy list, copies of the plaintiff's medical records, and the results of Administrative Remedy Procedure ("ARP") LSP-2012-1633.

---

[1] Record document number 27. Defendant filed a reply memorandum. Record document number 31

## I. Factual Allegations[2]

Plaintiff alleged that on May 20, 2012, inmate Charlie Ball threw chemicals in his face. Plaintiff alleged that on May 23, 2012, he told the defendant that inmate Ball had threatened him. Plaintiff alleged that the defendant said he did not care what happened to the plaintiff and that he hoped something would happen because he intended to falsify documents. Plaintiff alleged that he requested to speak with a ranking officer but the defendant refused to summon an officer.

Plaintiff alleged that the defendant and inmate Ball conspired to harm him. Plaintiff alleged that while the defendant was escorting him from the recreation yard back to his cell he encountered inmate Ball in the lobby of the housing unit when Ball was being escorted to the recreation yard. Plaintiff alleged that the defendant told inmate Ball to handle his business, at which time inmate Ball came out of his restraints and attacked the plaintiff. Plaintiff alleged that inmate Ball punched him in the face, head, neck and back and kicked him several times causing injuries to his mouth, face, head, neck and back. Plaintiff alleged that the defendant stood by and watched the attack for ten minutes and only broke up the fight after the plaintiff threatened to report the incident.

Plaintiff further alleged that the defendant retaliated

---

[2] Record document number 13, Amended Complaint.

against him for going outdoors on the recreation yard.

## II. Applicable Law and Analysis

### A. Summary Judgment Standard

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(c). Speculation, unsupported assertions, and conclusory allegations are inadequate to defeat a motion for summary judgment. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 660 (5th Cir. 2012). The court need only consider cited materials, but it may consider other materials in the record. Rule 56(c)(1)(3).

### B. Qualified Immunity

Defendant argued that he is entitled to qualified immunity because his conduct did not violate any of the plaintiff's clearly established constitutional or statutory rights of which a reasonable person would have known.

A state official sued in his individual capacity for damages may assert a qualified immunity defense. *Procunier v. Navarette*, 434 U.S. 555, 561, 98 S.Ct. 855, 859 (1978). This immunity is defeated if the official violated clearly established statutory or

constitutional rights, of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). In assessing the applicability of a qualified immunity defense, the court must first determine whether the plaintiff has asserted a violation of a clearly established right at all. *Siegert v. Gilley*, 500 U.S. 226, 111 S.Ct. 1789 (1991). If the court determines that there was a violation of a right secured by the Constitution, then it must determine whether the defendant could have reasonably thought his actions were consistent with the rights he is alleged to have violated. *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038 (1987). The protections afforded by the qualified immunity defense turn on the "objective legal reasonableness" of the defendant's conduct examined by reference to clearly established law. *Id*., at 639, 107 S.Ct. at 3038. The court does not ascertain solely whether the law was settled at the time of the defendant's conduct, but rather, when measured by an objective standard, a reasonable officer would have known that his conduct was illegal. Even if a defendant's conduct actually violates a plaintiff's constitutional right, the defendant is entitled to qualified immunity if the conduct was objectively reasonable. *Duckett v. City of Cedar Park, Texas*, 950 F.2d 272 (5th Cir. 1992), *citing Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990); *Melear v. Spears*, 862 F.2d 1177 (5th Cir. 1989); *Matherne v. Wilson*, 851 F.2d 752 (5th Cir. 1988).

### C. Deliberate Indifference

"It is well established that prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates." *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006)(citing *Farmer v. Brennan*, 511 U.S. 825, 832-33, 114 S.Ct. 1970 (1994)). This duty, which is grounded in the Eighth Amendment's prohibition against "cruel and unusual punishments," is nevertheless a limited one. *See Farmer*, 511 U.S. at 832-34, 114 S.Ct. 1970. To succeed on a claim for failure to protect, an inmate must show that (1) he was "incarcerated under conditions posing a substantial risk of serious harm," and that (2) a prison official was "deliberately indifferent" to this risk. Id. at 834, 114 S.Ct. 1970.

A prison official is "deliberately indifferent" to a risk when he "knows of and disregards an excessive risk to inmate health or safety." *Id*. at 837, 114 S.Ct. 1970. To "know of" a risk, an official must be "subjectively aware" of the risk: that is, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837, 114 S.Ct. 1970; *see also Adames v. Perez*, 331 F.3d 508, 512 (5th Cir. 2003). This issue is a question of fact. *Farmer*, 511 U.S. at 842, 114 S.Ct. 1970; *Horton v. Cockrell*, 70 F.3d 397, 401 (5th Cir. 1995).

Finally, even if a prison official was subjectively aware of the risk, he may be found free from liability if he "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844, 114 S.Ct. 1970.

The deliberate indifference standard is "an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). The Fifth Circuit has declined to find deliberate indifference where an official "*should have*" inferred a risk posed to an inmate, requiring proof that the official "*did* draw such an inference." *Adames*, 331 F.3d at 514; *see also Farmer*, 511 U.S. at 838, 114 S.Ct. 1970; *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996) (en banc). Nevertheless, an inmate does not have to produce direct evidence of an official's knowledge about the risk; he may rely on circumstantial evidence to demonstrate such knowledge. *See Farmer*, 511 U.S. at 842, 114 S.Ct. 1970; *Adames*, 331 F.3d at 512. For example, an inmate can prove the requisite knowledge by showing that conduct or occurrences were "longstanding, pervasive, well-documented, or expressly noted by prison officials in the past" such that officials had subjective knowledge of the complained risk. *See Farmer*, 511 U.S. at 842-43, 114 S.Ct. 1970 (internal quotation marks omitted); *Adames*, 331 F.3d at 512.

The summary judgment evidence showed that the following facts are not genuinely disputed. Inmate Ball was not identified as a

6

known enemy of the plaintiff prior to the May 23, 2012 incident.[3] On May 23, 2012, the defendant escorted the plaintiff from the recreation yard to Shark unit.[4] When they were just a few feet from the Shark unit lobby door, the plaintiff told the defendant that he was having "issues" with inmate Ball but did not explain what he meant by "issues".[5] Just as the plaintiff and the defendant entered the lobby of Shark unit, Cadet Wes Barbay was escorting inmate Ball off the unit.[6] Both inmates were fully restrained with hand cuffs and leg shackles at that time.[7] Inmate Ball immediately head-butted the plaintiff's forehead.[8] Defendant and Cadet Barbay immediately separated the two inmates.[9]

Plaintiff was examined by Dr. Jason Collins following the incident.[10] Plaintiff complained of being head butted in the forehead but did not complain of any other use of force.[11] Physical

---

[3] Record document number 26-6, p. 2.

[4] Record document number 26-3, affidavit Sgt. Forest Armond, p. 1.

[5] *Id.*

[6] *Id.*

[7] *Id.* at 2.

[8] *Id.*

[9] *Id.*

[10] Record document number 26-4, affidavit Dr. Jason Collins.

[11] *Id.* at 1.

7

examination revealed no swelling, no trauma and no erythema or redness of the skin.[12] Plaintiff sustained a small cut on his lip and no other injuries were noted.[13] Plaintiff's pulse rate was normal.[14] Plaintiff's medical records showed that the plaintiff complained of back pain and headaches prior to the May 23, 2012 incident.[15]

There is no evidence in the record that the defendant was aware of facts from which the inference could be drawn that a substantial risk of serious harm to the plaintiff existed, and that the defendant also drew the inference that a substantial risk of serious harm existed. Even if the defendant was aware that a substantial risk of serious harm existed and the defendant drew the inference, the summary judgment evidence supports a finding that the defendant took steps to abate the risk of harm by promptly separating the two inmates. Furthermore, the defendant promptly summoned medical personnel to examine the plaintiff for any injuries he may have sustained.

Plaintiff offered only conclusory assertions and failed to point to summary judgment evidence creating a genuinely disputed issue of material fact. Because the plaintiff has identified no

---

[12] *Id.*

[13] *Id.*

[14] *Id.* at 2.

[15] *Id.*

genuine dispute as to any material fact, summary judgment for the defendant is appropriate.

### D. Conspiracy

Plaintiff alleged that the defendant conspired with inmate Ball to assault him.

To establish a cause of action based on conspiracy a plaintiff must show that the defendants agreed to commit an illegal act. *Arseneaux v. Roberts*, 726 F.2d 1022 (5th Cir. 1982). The conspiracy allegations made by the plaintiff are conclusory, and more than a blanket of accusation is necessary to support a § 1983 claim. *Tower v. Glover*, 467 U.S. 914, 104 S.Ct. 2820 (1984); *Lynch v. Cannatella*, 810 F.2d 1363 (5th Cir. 1987); *Arseneaux v. Roberts, supra*.

### E. Retaliation

Plaintiff alleged that the defendant retaliated against him for going outdoors on the recreation yard.

To prevail on a claim of retaliation, a prisoner must establish four elements (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Morris*, 449 F.3d at 684; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003); *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999).

If an inmate is unable to point to a specific constitutional right that has been violated, then the claim will fail as a matter of law. *Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996) (dismissing an inmate's claim for failure to demonstrate the violation of a constitutional right); *Woods*, 60 F.3d at 1166 (observing that, "[t]o state a claim, the inmate must allege the violation of a specific constitutional right"). Further, the inmate must allege more than his personal belief that he is the victim of retaliation. *Jones*, 188 F.3d at 325; *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). To demonstrate the requisite retaliatory intent on the defendants' part, the inmate must produce direct evidence of motivation or allege a chronology of events from which retaliation may plausibly be inferred. *Woods*, 60 F.3d at 1166. Regarding the element of causation, a successful claim of retaliation requires a showing that "but for" some retaliatory motive, the complained of adverse action would not have occurred. *Johnson*, 110 F.3d at 310; *Woods*, 60 F.3d at 1166. In addition, the complained-of adverse action must be more than *de minimis* to support a claim of retaliation in the prison context. *Morris*, 449 F.3d at 684-85; *Hart*, 343 F.3d at 764.

The purpose of allowing inmates retaliation claims under 42 U.S.C. § 1983 is to ensure that prisoners are not unduly discouraged from exercising constitutional rights. *Morris*, 449 F.3d at 686 (citing *Crawford-El v. Britton*, 523 U.S. 574, 588 n.

10, 118 S.Ct. 1584 (1998)). Retaliation against a prisoner is actionable only if it is capable of deterring a person of ordinary firmness from further exercising his constitutional rights. *Morris*, 449 F.3d at 686. *De minimis acts* that would not deter an ordinary person from further exercise of his rights do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim. *Id*. Thus, an inmate's job transfer from the commissary to the kitchen was *de minimis*, while his transfer to a more dangerous prison was not. *Id*. at 687; *see also Bibbs v. Early*, 541 F.3d 267, 271-72 (5th Cir. 2008) (subjecting inmate to below-freezing temperatures for more than four hours during each of four consecutive nights was more than *de minimis*).

First, the plaintiff failed to demonstrate the violation of a constitutional right. As set forth above in the analysis of the deliberate indifference claim against the defendant, there is no evidence in the record that the defendant failed to protect the plaintiff from attack or was otherwise deliberately indifferent to the plaintiff's safety.

Second, the plaintiff failed to produce direct evidence of motivation, nor did he allege a chronology of events from which retaliation may plausibly be inferred.

### RECOMMENDATION

It is the recommendation of the magistrate judge that the defendant's motion for summary judgment be granted and this action

be dismissed.

Baton Rouge, Louisiana, April 22, 2014.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE